*315 OPINION OF THE COURT
Carl J. Copertino, J.
Plaintiff filed a small claims complaint against the defendant alleging property damage to her pier due to defendant’s negligent mooring of an aluminum float. A trial de novo was conducted on March 6, 2014. Plaintiff was self-represented at the trial de novo and defendant was represented by counsel. At the conclusion of the bench trial the court reserved decision.
Based on the credible testimony and evidence presented by the parties, the court finds that the plaintiff sustained her burden of proof by a fair preponderance of the evidence and, thus, judgment is awarded in her favor.
The undisputed testimony at the trial is that defendant constructed an aluminum float, approximately 25 feet in length and 13 feet in width, which he moored in waters in the vicinity of plaintiffs pier. The float, which has ladders, a slide and seating, was used for recreational purposes by defendant and members of the community, including plaintiff’s family. The float had a history of breaking free of its moorings during severe weather so the defendant continually enhanced the float’s moorings. By the time Hurricane Irene struck on August 27, 2011 the float was moored by heavy chains and swivels connected to three small engine blocks. Despite these enhancements, the force of Hurricane Irene caused the float to drag its anchors and strike up against plaintiffs pier causing damage to the pier.
It is well-settled law that a party whose vessel drifts from its moorings into collision or allision* with another object is liable for any ensuing damage unless the party can show affirmatively that the accident was the result of an act of God (see James v River Parishes Co., Inc., 686 F2d 1129 [5th Cir 1982]). While an aluminum float is technically not a vessel because it is not capable of navigation (see e.g. Black’s Law Dictionary 1698 [9th ed 2009]; Navigation Law § 2), the same principle should, nevertheless, apply. Thus, a party whose floating object (see Navigation Law § 2 [28]) drifts from its moorings into allision with another object is liable for any ensuing damage unless the party can show affirmatively that the accident was the result of an act of God.
Under the circumstances in this action, it is not surprising that defendant asserts an act of God defense to absolve him *316 from liability. The act of God defense is an affirmative defense that requires defendant to show that plaintiff’s losses and injuries were “occasioned exclusively by natural causes, such as could not be prevented by human care, skill and foresight” (Tel Oil Co. v City of Schenectady, 303 AD2d 868, 871 [3d Dept 2003] [internal quotation marks omitted]). While a hurricane may be one of the strongest forces of nature, the fact that plaintiff’s damage was occasioned during a hurricane does not automatically give rise to an act of God defense. As Tel Oil instructs, defendant must also “demonstrate that the ‘act of God’ was the sole and immediate cause of the injury and that [he was] free from any contributory negligence” (id. at 873 [citation and internal quotation marks omitted]). In that regard, defendant asked the court to take judicial notice of the National Oceanic and Atmospheric Administration Tropical Cyclone Report for Hurricane Irene as evidence of the severity of the storm. This, however, does not absolve defendant of liability. Quite the contrary, it only highlights his need for additional vigilance, “for as the severity increases so does the necessary care to cope with it” (Nicholas v Pfeifer Oil Transp. Co., 62 NYS2d 474, 477 [City Ct, Bronx County 1946]). This piece of evidence also highlights that storm warnings were in place well in advance of the storm, giving defendant ample time to take reasonable precautions to prevent the accident. It was not sufficient for defendant to show that he took greater efforts than those that had failed before. His burden required him to show that Hurricane Irene was of such unprecedented proportions that its force would have overcome all reasonable preparations (Petition of United States, 300 F Supp 358 [ED La 1969]; see also James E. Mercante, Superstorm Sandy Resurfaces in Court, NYLJ, Sept. 10, 2013 at 3, col 1). Defendant failed to meet his burden to show that his preparations were reasonable under the circumstances.
Defendant’s liability having been established, the court now turns to the issue of damages. Plaintiff must prove her damages by a fair preponderance of the evidence. Her claim for the costs of replacing the fencing and gate for the pier was not sustained as it was not clear from the evidence whether these damages were caused by defendant’s negligence or from the storm surge. With respect to the 36 square feet of decking, the mooring pole and the electrical outlet, the evidence showed that these were struck by and damaged by the float. The plaintiff proved that she sustained damages in the amount of $1,600.
Accordingly, judgment is awarded in favor of the plaintiff against the defendant in the amount of $1,600 together with *317 interest thereon from August 27, 2011 plus statutory costs and disbursements.

 An allision is a collision between a moving vessel and a stationary object Weyerhaeuser Co. v Atropos Is., 777 F2d 1344, 1346 n 1 [9th Cir 1985]).